| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br><br>EDWARD KRUPMAN,<br><br>                Plaintiff,<br><br>     - against -<br><br>IONA PREPARATORY SCHOOL,<br><br>                Defendant.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | ECF Case<br><br>JUDGE ROBINSON<br><br>Case No.<br><br>**COMPLAINT**<br>**and JURY DEMAND**<br><br><br>08 CIV. 7713 |

Plaintiff, **EDWARD KRUPMAN**, by his attorneys, **SAPIR & FRUMKIN LLP**, as and for his Complaint against Defendant, **IONA PREPARATORY SCHOOL**, alleges as follows:

## I. NATURE OF THE CLAIMS

1.  This action is based on violations of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the New York State Human Rights Law, ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.* Plaintiff, Edward Krupman, ("Plaintiff"), age 73, was an employee of Iona Preparatory School, ("Iona" or "Defendant"), who was discharged by Defendant on the basis of his age, in violation of the ADEA and NYSHRL. Plaintiff seeks declaratory relief, reinstatement, back pay, front pay, and damages resulting from Defendant's unlawful and discriminatory conduct.

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court to adjudicate Plaintiff's claims exists pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c) because they arise under the ADEA. The Court's supplemental jurisdiction over the NYSHRL claim is invoked pursuant to 28 U.S.C. § 1367 because such claim is so related to Plaintiff's claims in the action within such original jurisdiction that it forms part of

the same case or controversy under Article III of the United States Constitution.

3. Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because the Southern District of New York is the district in which Defendant maintains its place of business and in which the discriminatory acts occurred.

4. Plaintiff has fully complied with the administrative prerequisites for commencement of this action. On or about August 15, 2007, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging employment discrimination and retaliation. This Complaint has been filed within 90 days of notification of the right to sue.

### III. PARTIES

5. Plaintiff commenced his employment with Defendant in or about September 1999, and was employed there for eight (8) years. He was discharged in or about March 2007 on the basis of his age. Plaintiff was born on September 18, 1934, and is seventy-three (73) years of age.

6. Plaintiff is protected by the ADEA as provided by 29 U.S.C. §§ 630(f) and 631(a) in that he was an employee of Defendant who was over forty (40) years of age when his employment was terminated. Plaintiff is a covered employee under the NYSHRL, N.Y. Exec. Law § 292(6).

7. Upon information and belief, Defendant is a college preparatory school for young men in grades 9 through 12, with more than 20 employees, located at 255 Wilmot Road, New Rochelle, New York 10804.

8. Defendant is a covered "employer" under the ADEA, 29. U.S.C. § 630(b) and the NYSHRL, N.Y. Exec. Law § 292(5).

## IV. FACTS UNDERLYING PLAINTIFF'S CLAIMS

9. Plaintiff is a former Guidance Counselor for Iona. Plaintiff was hired by Edward O'Neill, the former Principal of Iona, in or about September 1999. In March 2007, Iona suddenly informed Plaintiff that his employment was terminated effective the end of the 2006-2007 school year.

10. Iona is a college preparatory school for young men in grades 9 through 12. Iona consists of several departments, including a Guidance Department. At the time of Plaintiff's termination, the Guidance Department consisted of five (5) Guidance Counselors and a Social Worker.

11. Plaintiff, who was seventy-two (72) years of age on the date of his termination, was the oldest Guidance Counselor in the department at the time of his termination. Joseph Klein, Director of Guidance, who is approximately fifty (50) years of age, was Plaintiff's direct supervisor since the start of Plaintiff's employment with Iona. The remaining Guidance Counselors are Michael Kiers, who is approximately thirty (30) years of age, Edward O'Neill, who is in his fifties (50s), Rosa Solano, who is approximately forty-five (45) years of age, and Philip Treglia, who is approximately thirty-one (31) years of age. Nancy Kessler, School Social Worker, is approximately fifty-five (55) years of age.

12. Plaintiff was a dedicated employee of Iona for eight (8) years with a near-perfect attendance record.

13. Prior to his employment with Iona, Plaintiff maintained a successful position as a Guidance Counselor with the Bedford Public Schools, where he counseled students in grades 9 through 12 regarding a variety of academic, social, and psychological issues, and helped prepare

seniors for college for approximately thirty (30) years.

14. Plaintiff counseled approximately 170 students at Iona, whom he supported and encouraged concerning academic performance and extracurricular activities. In addition, Plaintiff counseled students and their families in a wide range of issues affecting high school students. His students and their families have expressed their appreciation for the support and guidance he has provided them over the years.

15. Iona has recognized Plaintiff's dedication to the school and its students. For the last five (5) years of his employment, Plaintiff greeted visiting 8th graders and their parents who were considering Iona as their high school on a daily basis. Iona entrusted Plaintiff with promoting the school to prospective students and their parents. Many visitors expressed that Plaintiff made them feel welcome and that they appreciated the information he provided.

16. In March 2007, Plaintiff received an e-mail from George Teasdale, Principal of Iona, who is approximately forty (40) years of age, requesting that they have a meeting. Plaintiff informed Mr. Teasdale by e-mail that he would be at the meeting. Since Mr. Teasdale sent the e-mail without warning, Plaintiff asked him via e-mail what the meeting would be about. Mr. Teasdale did not respond. Thereafter, Plaintiff asked Mr. Klein if he knew why Mr. Teasdale wanted to meet with him, and Mr. Klein responded that he did not know. Plaintiff was concerned about this lack of response, and was surprised that his inquiry was ignored.

17. Plaintiff was surprised to find Mr. Klein in attendance at the meeting. Mr. Teasdale verbally informed Plaintiff that he would not be receiving a Letter of Intent. Each Spring, Defendant issues Letters of Intent to Teachers and Guidance Counselors who are offered a position with Defendant the following academic year. Plaintiff asked why, and Mr. Teasdale stated that the

Guidance Department was moving in a "new direction." Mr. Teasdale and Mr. Klein claimed that the department would have a more "therapeutic model," but did not offer any details or discuss Plaintiff's qualifications and background with respect to the "new direction." It appeared that Mr. Teasdale and Mr. Klein had not reviewed Plaintiff's records, which indicate many courses in psychology and extensive experience assisting students with social and psychological issues throughout his entire career as a Guidance Counselor. At no time during the meeting was Plaintiff informed that his performance had anything to do with his termination. Mr. Klein praised Plaintiff for his work, and stated that he was appreciated. Plaintiff asked if there was anything he could do to remain at Iona. Mr. Teasdale responded, "No. If I say you go, you go."

18. Based on the alleged reason for terminating his employment, Plaintiff believed that Iona would expand the hours of its Social Worker and hire a Psychologist. However, Iona did neither. Instead, two employees who are considerably younger than Plaintiff were moved from other departments into the Guidance Department, and served as Guidance Counselors. Greg Quirolo, who is in his thirties (30s) and a past Dean of Discipline, was a Guidance Counselor for the 2007-2008 school year. Terence J. Houlihan, Chair, Religious Studies, who is approximately thirty-seven (37) years of age, was also a Guidance Counselor for the 2007-2008 school year.

19. Plaintiff is a state-certified Guidance Counselor and Social Studies teacher. He possesses many graduate credits in Guidance and Counseling and Marriage and Family Counseling. Plaintiff's background includes many courses in psychology, such as Foundations of Counseling, Adolescent Therapy, and Theories and Application of Psychological Testing. He has been assisting students with these issues his entire career as a guidance counselor.

20. Plaintiff was not offered any other position at Iona. Although he is a state-certified Social Studies teacher with a Masters in American Studies, he was not offered an available position in the Social Studies Department.

21. The termination of Plaintiff's employment by Iona was motivated by discriminatory animus based upon his age, in violation of the ADEA and the NYSHRL.

### V. AS AND FOR A FIRST CLAIM
*Discriminatory Discharge Based on Age in Violation of ADEA*

22. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 21 of the Complaint, as though fully set forth herein.

23. Defendant unlawfully terminated Plaintiff's employment on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

24. Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

25. Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and other damages as a result of the termination of his employment.

### VI. AS AND FOR AN SECOND CLAIM
*Discriminatory Discharge Based on Age in Violation of NYSHRL*

26. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 25 of the Complaint, as though fully set forth herein.

27. Defendant unlawfully terminated Plaintiff's employment on the basis of his age, in violation of the NYSHRL, N.Y. Exec. Law § 296.

28. Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and damages for emotional distress, pain, and humiliation as a result of the termination of his employment.

## VII. RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

29. Declare Defendant's conduct in terminating Plaintiff's employment to be in violation of the Plaintiff's rights as secured by the ADEA and NYSHRL.

### ON THE FIRST CLAIM

30. All benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully terminated, including reinstatement, back pay, front pay, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

### ON THE SECOND CLAIM

31. All benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully terminated, including reinstatement, back pay, front pay, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s), damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

### ON ALL CLAIMS

32. That the Court grant plaintiff such other and further relief as it deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury with respect to all issues and claims properly before a jury.

Dated: White Plains, New York
       August 25, 2008

Yours, etc.,
**SAPIR & FRUMKIN LLP**

By: _____
William D. Frumkin (WF 2173)
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366

F:\APPLICAT\WP\Krupman\Litigation\Complaint.wpd\dp